Charles J. Beckinella, J.
Motion by defendants to dismiss the complaint under rule 106 of the Buies of Civil Practice for failure to state facts sufficient to constitute a cause of action. The action is in libel. The complaint charges defendant with publication of false and defamatory statements concerning plaintiff’s business methods which resulted in damage to plaintiff’s business. No special damage is alleged and defendants seek a dismissal of the complaint on two grounds: (1) that the matter set forth is not libelous per se, and, in the absence of special damage, the complaint must be dismissed; and (2) that plaintiff is not identified in the article in any way. With regard to the first ground of objection, Judge Crane stated, in Ben-Oliel v. Press Pub. Co. (251 N. Y. 250, 255-256): “The law of libel is very simple, and, briefly, is this: 1 “ Whatever words have a tendency to hurt, or are calculated to prejudice a man who seeks his livelihood by any trade or business, are actionable.” When proved to have been spoken in relation thereto, the action is supported, and unless the defendant shows a lawful excuse, the plaintiff is entitled to recover without allegation or proof of special damage, because both the falsity of the words and resulting damage are presumed.’” (Citing authority.) As to the second ground, it is not necessary to state in the complaint any extrinsic fact showing the application of the defamatory matter to plaintiff but the plaintiff may state in general terms that such matter was published or spoken concerning it (Rules Civ. Prac. rule 96; Eastern Paper & Box Co. v. Cats Amer. Co279 App. Div. 650). The matter complained of is libelous per se and the complaint is legally sufficient. The motion to dismiss is denied, with leave to defendants to answer within 20 days from the date of service of the order to be entered hereon, with notice of entry thereof.
Settle order.